**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kyle Cuppy,

Plaintiff/Counter-Defendant,

v.

Robert Stallings IV,

Defendant,

and

Eastern Aviation Fuels, Inc.

Defendant/Counter-Plaintiff.

Case No. 26-cv-4399 (LMP/SGE)

**ORDER**

---

This matter is before the Court upon the motions of Defendant/Counterclaimant Plaintiffs Robert Stallings IV and Eastern Aviation Fuels, Inc. to stay discovery and to extend the time to respond to Plaintiff/Counterclaim Defendant Kyle Cuppy's discovery requests. (Dkts. 18 and 22.) For the reasons set forth below, the stay motion is denied and the extension motion is granted in part.

## BACKGROUND

This employment dispute was initiated in Scott County and timely removed to this Court on October 13, 2026.[1] (Dkt. 1.) Soon thereafter, Defendants Robert Stallings IV

[1] Defendants filed their own lawsuit against Mr. Cuppy in North Carolina state court nearly simultaneously. (Dattilo Decl. ¶ 2.) They later voluntarily dismissed that case and refiled it in the United States District Court for the Eastern District of North Carolina. (*Id.* ¶ 3.)

and Eastern Aviation Fuels, Inc. filed a motion to transfer the case to the United States District Court for the Eastern District of North Carolina under 28 U.S.C. § 1404(a). (Dkt. 7.) Due to the pending motion, the Court cancelled the pretrial conference, finding good cause to delay the entry of a pretrial scheduling order. (Dkt. 13.) The Court did not address whether discovery could be undertaken in the interim. In fact, Mr. Cuppy served Defendants with discovery requests the day after the parties held a meeting under Federal Rule of Civil Procedure 26(f) on October 30, 2026.[2] The instant motions followed.[3]

With respect to the stay motion, Defendants argue that a delay in discovery pending the transfer motion will conserve judicial resources and avoid the risk of duplicative discovery obligations should the case be transferred. And, as to the extension motion, Defendants contend they should be permitted to delay responding to discovery requests - which are currently due on November 30, 2026 – until thirty days after the stay motion is decided, as it would be inefficient and unduly burdensome to engage in discovery in the meantime.

## <u>DISCUSSION</u>

### I. Motion to Stay Discovery

The Court may stay discovery in civil cases under Federal Rule of Civil Procedure 26(c) when good cause is shown by the movant. *Christopherson v. Cinema Ent. Corp.*,

---

[2] Defendants do not contest that Mr. Cuppy was permitted to serve discovery once the Rule 26(f) conference concluded or that the Court did not stay discovery when it cancelled the Rule 16 conference. *See* Fed. R. Civ. P. 26(d)(1); (Dkt. 13).

[3] Mr. Cuppy has since filed his own Motion to Dismiss Counterclaims. (Dkt. 24.) That motion does not affect the current discovery motions.

No. 23-cv-3614 (JWB/LIB), 2024 WL 1120925, at *1-2 (D. Minn. Mar. 6, 2024). Relevant here, good cause may be shown if a stay is needed to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court may also stay discovery under its inherent authority to control its docket. *United States v. Agri Stats, Inc.*, No. 23-cv-3009, 2924 WL 3061570, at *2 (D. Minn. May 17, 2024) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). For example, a court may decide to stay discovery for purposes of "judicial parsimony," *i.e.*, "when one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." *Id.* (quoting § 2040 *Limitation of Scope of Discovery*, 8A Fed. Prac. & Proc. Civ. § 2040 (3d ed.)). Here, the Court is unpersuaded that a stay of discovery is warranted under either avenue of relief.

Defendants argue that discovery should be stayed until the transfer motion is decided to avoid duplicative discovery here, the venue for Mr. Cuppy's case against them, and in North Carolina, the possible transferee venue for this case. But the transfer motion, regardless of outcome, has no bearing on the merits of this case. In other words, this case will proceed whether it is transferred or remains here. As such, Defendants do not face an undue burden if required to respond to discovery while the transfer motion is being decided. Defendants will be required to respond to the same discovery requests no matter the venue.[4] *Id.* (quoting *Wells Fargo Ins. Servs. USA, Inc. v. Kyle King and Sherman Ins. Agency, Inc.*,

---

[4] Defendants' concern that they will be burdened by dual discovery tracks in this and the North Carolina case is unlikely to come to fruition. Both cases are at their early stages, with little to no activity having taken place in the North Carolina case. *See Eastern Aviation Fuels, Inc. v. Cuppy*, 4:26-cv-242 (M-RN), filed Oct. 30, 2026.

No. 15-cv-4378 (PJS/HB), 2016 WL 6892108, at *4 (D. Minn. July 20, 2016)) (noting that is makes sense for "discovery to continue while a federal court considers whether a case that will probably be litigated no matter what will proceed before it or in some other court[.]")). Indeed, staying discovery would merely postpone the inevitable.

And, the fact that Defendants may be required to respond to similar requests in the North Carolina case undermines rather than supports Defendants' position. Any responses or production in that case can also be used in the context of this case, resulting in some economy. There is little burden in responding to discovery in two cases, which are essentially mirror images of each other. Defendants make no credible argument that any discovery produced before the transfer motion is decided would be for naught. If the case is transferred, there is no plausible reason why the discovery already undertaken here would be void or unusable in North Carolina.

Further, the Court does not find that staying discovery would meaningfully conserve judicial resources. As noted, we are at the outset of the case. Although the parties may ultimately engage in motion practice relating to the substance of discovery requests, the Court will address any such motions in due course, which will likely be after the transfer motion is decided.

The Court is also persuaded by Mr. Cuppy's argument that he will be prejudiced if discovery is stayed. For example, Mr. Cuppy notes that Defendant Eastern Aviation has had possession of his former work laptop since he was terminated in September. (Dattilo Decl. ¶ 19.) Through discovery, Mr. Cuppy requests a "forensic image of that device, including logs reflecting the disabling of his system access, any post-termination access to

or modification of the laptop, and any deletion or wiping of data." (Dkt. 31, at 24; Dattilo Decl. ¶ 20.) Mr. Cuppy is reasonably concerned that certain data on the laptop, which are central to his case, could be overwritten or lost. A stay of discovery would heighten that legitimate concern. Under all of these circumstances, the Court finds that a stay of discovery is not warranted.

## II. Motion for Extension

In conjunction with the stay motion, Defendants also filed a motion to extend the deadline for their discovery responses. Although the Court will deny the stay motion, it recognizes that there has been uncertainty with respect to discovery while the motion has been pending. As a result, it will extend Defendants' deadline to respond to the discovery propounded by Mr. Cuppy from November 30, 2026, to December 18, 2026. This extension does not apply, however, to the image of Mr. Cuppy's work laptop, which must be provided to Mr. Cuppy's counsel on or before November 30, 2026.

## CONCLUSION

Based on the foregoing and the file, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The Motion to Stay (Dkt. 18) is **DENIED**;

2. The Motion to Extend Time to Respond to Discovery (Dkt. 22) is **GRANTED in part** as set forth above.

Date: November 24, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge